# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMANDA YAGER and <br> STEPHEN YAGER, <br><br> Plaintiffs, <br><br> VS. <br><br> WAL-MART STORES EAST, LP,[1] <br><br> Defendant. | No. 3:12-cv-01289 <br> JURY DEMAND <br> JUDGE SHARP <br> MAGISTRATE JUDGE KNOWLES |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: Jurisdiction is conferred under 28 U.S.C. § 1332 relating to diversity of citizenship and parties.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF:

The Plaintiff was shopping in the store when she slipped and fell on a liquid on the floor. There were no wet floor signs or notices to indicate the floor was wet or slippery. The Defendant possessed actual and/or constructive notice of the hazardous, slippery and unsafe conditions on their premises. As a result of the fall, the Plaintiff Amanda Yager suffered personal injuries. At said date and time, Defendant and its employees, agents, and representatives were negligent in that they: (a) failed to safely maintain the floors and routinely inspect it or address the hazardous, dangerous, and unsafe conditions in a timely manner (b) knew or should have known that a dangerous, hazardous, and unsafe condition existed on the floor; (c) failed to provide warning signs and/or notice regarding the hazardous, dangerous, and unsafe condition of the floor; (d) failed to notify and inform persons of the hazardous, dangerous and unsafe condition of the floor; (e) created said hazardous, dangerous, and unsafe condition and failed to correct it and make it safe in a timely manner; and (f) failed to exercise

---

[1] Wal-Mart Stores East, LP, is the entity that operated the store on the date of this accident. It was incorrectly sued as Wal-Mart Stores, Inc. Wal-Mart Stores East, LP, was named as the sole proper defendant by Agreed Order entered on January 3, 2013.

due and reasonable care. Each of the foregoing acts and/or omissions on the part of the Defendant as set forth herein was a direct and proximate cause of the personal injury and damages suffered by the Plaintiff.

2) DEFENDANT:

Wal-Mart was not negligent and has no liability to Plaintiff. Wal-Mart invokes and relies on the doctrine of comparative fault to the extent that the jury determines that the Plaintiff Amanda Yager was at fault.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures Pursuant to FED. R. CIV. P. 26(a)(I) on or before **February 28, 2013**.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **November 3, 2013**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, are unable to resolve their differences.

G. MOTIONS TO AMEND: The parties shall file all Motions to amend the pleadings on or before **July 5, 2013**.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 15, 2013**. Additionally, plaintiff shall identify by July 15, 2013, all treating health care providers who may testify on behalf of plaintiff and disclose them to the extent required by Fed. R. Civ. P. Rule 26(a)(2).

The defendant shall identify and disclose all expert witnesses and reports on or before **September 13, 2013**.

I. DEPOSITIONS OF EXPERT WITNESSES: The deadline for plaintiff to complete all expert depositions, including the depositions of any treating health care providers and depositions for proof, is **October 31, 2013**. The deadline for defendants to complete all expert depositions is **December 31, 2013**. All expert testimony regarding damages, including the testimony of any treating health care providers, will be presented via depositions for proof and not live at trial.

J. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **January 31, 2014**. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

K. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

L. TRIAL DATE AND ESTIMATED TRIAL TIME: This action is set for jury trial on **Tuesday, July 8, 2014**. The parties expect the trial to last approximately two days.

The final pretrial conference will be held on Monday, **June 23, 2014** at 1:30p.m.

It is so ORDERED.

_____
E. CLIFTON KNOWLES
UNITED STATES MAGISTRATE JUDGE