IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMANDA YAGER and | ) | |
| STEPHEN YAGER, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:12-cv-01289 |
| | ) | JURY DEMAND |
| VS. | ) | JUDGE SHARP |
| | ) | MAGISTRATE JUDGE KNOWLES |
| WAL-MART STORES EAST, LP,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED ORDER

Upon agreement of the parties, by and through counsel, pursuant to **Rule 34** of the Federal Rules of Civil Procedure; **45 C.F.R. §§ 160 and 164 of the Health Insurance Portability and Accountability Act ("HIPAA")**, which specifically states that, "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order," **and pursuant to 38 U.S.C. § 7332(b)(2)(D),** and for good cause shown, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the law firm of HOWELL & FISHER, PLLC, or its designated representatives shall be allowed by written request only to inspect and/or obtain **certified copies of**

---

[1] Wal-Mart Stores East, LP, is the entity that operated the store on the date of this accident. It was incorrectly sued as Wal-Mart Stores, Inc. Wal-Mart Stores East, LP, was named as the sole proper defendant by Agreed Order entered on January 3, 2013. Defendant may be referred to as "Wal-Mart" in this document.

**all employment records, income tax returns, medical records, medical reports, medical charts, mental health records, psychiatric records, psychology records, x-ray films, tissue slides or other laboratory specimens, diagnostic studies, pharmacy/prescription records, itemized billing records with payments-made information, insurance records, other documents or writings, including but not limited to protected health information as that term is defined in 45 C.F.R. Part 160 and Part 164 (HIPAA Privacy Rule) (collectively, the "Medical Information"),** related to the care and treatment of **Amanda Yager. This includes medical records as they pertain to drug and alcohol and HIV/AIDS treatment.**

HOWELL & FISHER, PLLC, or its designated representatives shall pay all costs of obtaining copies of aforesaid documents and will provide copies of said Medical Information obtained pursuant to this Order to plaintiffs' attorneys at no charge.

This Order does require the law firm of HOWELL & FISHER, PLLC, or its designated representatives to notify plaintiffs' attorneys in writing if records are reviewed but not copied, and such notification shall specify in sufficient detail which records have been reviewed but not copied. This Order does <u>not</u> permit ex parte communications between the lawyers or their representatives and the health care providers.

The information obtained through use of this Order may only be used or disclosed for the purposes of this litigation or proceeding. Except with the prior written consent of the producing party, the information produced pursuant to this Order shall not be disclosed to any person other than (a) counsel for the parties, (b) employees or agents of counsel for the parties, (c) any current or former employee of a party, to the extent deemed necessary by counsel for the production or defense of this litigation, (d) experts and consultants retained for the prosecution or defense of this litigation, (e) any authors or recipients (in the ordinary course of the health care provider's business) of the Medical Information, or (f) the Court, court personnel, court reporters, and witnesses.

This Order shall expire upon final disposition of this case and the law firm of HOWELL & FISHER, PLLC, and its designated representatives shall be prohibited from using the Order thereafter. All information obtained pursuant to this Order and all copies thereof will be destroyed or safely archived within a reasonable time period after the conclusion of this litigation or proceeding, whether by trial, appeal, settlement, or other final conclusion.

ENTER this the _____ day of _____, 2013.

_____
JUDGE